IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Francelina Evangelista, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 1378 |
| Financial Recovery Services, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Francelina Evangelista, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Francelina Evangelista ("Evangelista"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt owed for a personal computer to Dell Financial Services, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant FRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant FRS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

5. Defendant FRS is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant FRS conducts extensive business in Illinois.

6. Moreover, Defendant FRS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant FRS acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Evangelista has limited assets and income, and fell behind on paying her bills, including a debt she owed to Dell Financial Services for a personal computer. When Defendant FRS began trying to collect this delinquent debt from Ms. Evangelista, by sending her an initial form collection letter, dated May 19, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant FRS's collection actions. A copy of this collection letter is attached as Exhibit C.

8. Accordingly, on August 27, 2010, one of Ms. Evangelista's attorneys at LACD informed Defendant FRS, in writing, that Ms. Evangelista was represented by counsel, and directed Defendant FRS to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Evangelista was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit D.

9. Thereafter, LACD sent to Defendant FRS, from LACD's offices and checking account in Chicago, Illinois, monthly payments of $80 in September, October, November, and December 2010, and in January, February, March, April, May, June and July, 2011. Defendant FRS accepted these payments.

10. Moreover, on July 14, 2011, LACD faxed to Defendant FRS follow up correspondence regarding its failure to confirm the payment plan and to remind FRS that Ms. Evangelista was represented by counsel and should not be directly contacted by FRS. Copies of this letter and the fax confirmation are attached as Exhibit E.

11. Thereafter, LACD sent to Defendant FRS, from LACD's offices and checking account in Chicago, Illinois, monthly payments of $80 in August, September, October, November, December 2011, and in January, 2012. Defendant FRS accepted these payments.

12. Nonetheless, Defendant FRS sent a collection letter, dated January 25, 2012, directly to Ms. Evangelista, which demanded payment of the Dell Financial Services debt. A copy of this letter is attached as Exhibit F.

13. Defendant FRS's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant FRS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

17. Here, the letters from Plaintiff's agent/attorney, LACD, told Defendant FRS to cease communications with Ms. Evangelista. By continuing to communicate regarding this debt with Ms. Evangelista, and demanding payment from her (Exhibit F), Defendant FRS violated § 1692c(c) of the FDCPA.

18. Defendant FRS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant FRS knew that Ms. Evangelista was represented by counsel in connection with her debt because her attorneys at LACD had informed Defendant FRS, in writing, that she was represented by counsel, and had directed Defendant FRS to cease directly communicating with her.  By directly sending Ms. Evangelista a collection letter (Exhibit F), despite being repeatedly advised that she was represented by counsel, Defendant FRS violated § 1692c(a)(2) of the FDCPA.

22. Defendant FRS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Francelina Evangelista, prays that this Court:

1. Find that Defendant FRS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Evangelista, and against Defendant FRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Francelina Evangelista, demands trial by jury.

Francelina Evangelista,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  February 27, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com